An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CURTIS LUNDY DOWNING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62432

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

On July 27, 2012, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of MJ54, disciplinary segregation, and the forfeiture of 65 days of credit. Appellant claimed that he was deprived of due process because a witness was not available, NDOC conducted a new prison disciplinary hearing without first restoring credits forfeited at the first hearing, and he was denied an administrative appeal.[2]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]To the extent that appellant challenged disciplinary segregation and the administrative process, appellant's challenges were not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489, 686 P.2d 250 (1984); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that liberty interest protected the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical

*continued on next page...*

13-21645

Appellant failed to demonstrate a violation of due process because he received: (1) advance written notice of the charges; (2) written statement of the fact finders of the evidence relied upon and the reasons for disciplinary action; and (3) a qualified right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). The record indicates that the prison disciplinary hearing officer attempted to contact the inmate-witness but could not find the witness after his discharge. The prison disciplinary hearing officer considered the substance of the testimony that the witness would have offered. The fact that appellant's inmate-witness was not available at the time of the hearing did not deprive appellant of due process. The fact that the department did not return credits at the first hearing prior to the second hearing does not amount to a due-process violation. Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

...*continued*

and signification hardship on the inmate in relation to the ordinary incidents of prison life).

cc: Hon. Elissa F. Cadish, District Judge
Curtis Lundy Downing
Attorney General/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk